IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER SHANE LANGSTON,

    Plaintiff,                    No. CIV S-11-1624 DAD P

    vs.

JEFFERY SHIAISHI, et al.,

    Defendants.          ORDER

                            /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Application to Proceed In Forma Pauperis**

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28

1  U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of
2  the preceding month's income credited to plaintiff's prison trust account.  These payments will
3  be collected and forwarded by the appropriate agency to the Clerk of the Court each time the
4  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.
5  § 1915(b)(2).

6  **II.  Screening Requirement**

7  　　　　The court is required to screen complaints brought by prisoners seeking relief
8  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.
9  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
10  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
11  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
12  U.S.C. § 1915A(b)(1) & (2).

13  　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
14  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
15  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
16  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
17  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
18  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
19  Cir. 1989); Franklin, 745 F.2d at 1227.

20  　　　　Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
21  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
22  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
23  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
24  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must
25  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
26  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III.  Plaintiff's Complaint

Plaintiff alleges that on September 19, 2007, he was unlawfully detained by defendants, Sacramento City Police Officers Shiaishi and Enkoji.  According to the allegations of plaintiff's complaint, the defendant officers radioed that they were in "hot pursuit of a stolen vehicle" and that they needed additional back-up.  (Compl., Doc. No. 1 at 6.)  A few minutes later, the driver of the vehicle, plaintiff, was taken into custody.  (Id.)  When plaintiff was questioned by officers, he denied that the vehicle was stolen.  (Id. at 7.)  It was determined that the vehicle was not stolen.  (Id.)  Nevertheless, plaintiff was booked "for delaying a[n] officer in the line of duty, and driving without consent, and driving a stolen property."  (Id.)  Plaintiff claims that defendants violated his Fourth Amendment rights when they unlawfully detained him without probable cause and subjected him to false arrest.  (Id. at 4.)  In addition, plaintiff claims that the defendants harassed him and invaded his right to privacy in violation of the Fourth and Fourteenth Amendments.  (Id.)  Plaintiff seeks unspecified nominal, compensatory and punitive damages.  (Id. at 11.)

### IV.  Heck Bar

The court is required to determine whether, in this § 1983 action for damages, a judgment in plaintiff's favor would necessarily imply the invalidity of his conviction or sentence. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Here, the court is unable to make that determination because the allegations of plaintiff's complaint are too vague and conclusory. Therefore, the court will dismiss the complaint and grant plaintiff leave to file an amended complaint.

/////

**V. Amended Complaint**

In any amended complaint he elects to file, plaintiff must allege additional facts concerning the criminal charges brought against him, the charges on which he was convicted as a result of the incident in question, including the applicable California Penal Code provisions, the disposition of his criminal conviction and specifically whether the conviction stemming from these events has been overturned or invalidated.

If plaintiff chooses to file an amended complaint, plaintiff must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

As to plaintiff's claims that he was harassed and his right to privacy was violated, plaintiff must allege facts in support of these claims. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims in this regard. Id. Bare conclusions are insufficient.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a

general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's July 27, 2011 application to proceed in forma pauperis (Doc. No. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in the dismissal of this action without prejudice.

DATED: March 12, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
lang.14