IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER SHANE LANGSTON,

    Plaintiff,                  No. 2:11-cv-01624 DAD P

    vs.

JEFFERY SHIAISHI, et al.,

    Defendants.            <u>ORDER</u>

                                   /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On May 13, 2013, the undersigned ordered this case dismissed because plaintiff's amended complaint failed to state a cognizable claim.[1] Plaintiff has appealed the dismissal of this action to the U.S. Court of Appeals for the Ninth Circuit. In addition, plaintiff has filed a motion for reconsideration which is pending before this court.

        Plaintiff asserts that under Rule 60(b) of the Federal Rules of Civil Procedure, the court may relieve a party with respect to a final judgment based upon newly discovered evidence. (Doc. No. 22 at 1.) Plaintiff contends that although the court previously denied his discovery

/////

---

[1] Plaintiff consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). <u>See</u> Doc. No. 4.

motions, he prays that the court will order the defendants to produce a "police video" which he believes would support the claims he advanced in his complaint. (Id. at 1-2.)

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken.

See also Gonzales v. Crosby, 545 U.S. 524, 528 (2005) ("Rule 60(b) allows a party to seek relief from a final judgment, and request re-opening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence."). The plaintiff bears the burden of proof on a motion for relief from judgment pursuant to Rule 60(b), and such motions are addressed to the sound discretion of the district court. See Allmerica Financial Life Ins. and Annuity Co. v. Llewellyn, 139 F.3d 664, 665 (9th Cir. 1997); Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir. 1989); Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 832 (9th Cir. 1986).

Here, the court finds that plaintiff has failed to present proof of any newly discovered evidence in support of his motion for relief under Rule 60(b). Instead, plaintiff merely argues that he is entitled to reconsideration because of evidence he hopes to obtain. Plaintiff has therefore failed to carry his burden of proof with respect to his motion for relief. Finally, plaintiff refers to Rule 59(e) which provides that a motion to alter or amend a judgment may be filed no later than 28 days after the entry of judgment. Plaintiff does not explain in what way he seeks to alter or amend the judgment entered in this case. Furthermore, it appears that plaintiff seeks to vacate the judgment rather than to amend or alter the judgment. Thus, plaintiff is also not entitled to relief under Rule 59(e).

1  Accordingly, IT IS HEREBY ORDERED that plaintiff's June 10, 2013 motion for
2  reconsideration (Doc. No. 22) is denied.
3  DATED: June 14, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
lang1624.recon